# EXHIBIT A

## Case Number Result Page

### Jefferson

### 1 Cases Found.

**Danielle Weekes vs. Ohio National Financial Services, etal.**

| | |
|---|---|
| Case: CV-2010-0000861 | District Filed: 09/03/2010 Subtype: Other Claims Judge: Gregory S Anderson Status: Pending |
| Defendants: | John Does Business Entities I - X, John Does I Thru X, Ohio National Financial Services, |
| Plaintiffs: | Weekes, Danielle |

Register Date of actions:

| | |
|---|---|
| 08/31/2010 | Complaint Filed |
| 09/03/2010 | New Case Filed - Other Claims |
| 09/03/2010 | Plaintiff: Weekes, Danielle Attorney Retained Kenneth L Pedersen |
| 09/03/2010 | Filing: A - All initial civil case filings of any type not listed in categories B-H, or the other A listings below Paid by: Pedersen, Kenneth L (attorney for Weekes, Danielle) Receipt number: 0006165 Dated: 9/3/2010 Amount: $88.00 (Check) For: Weekes, Danielle (plaintiff) |
| 09/03/2010 | Summons Issued |
| 10/12/2010 | Amended Complaint and demand for jury trial |
| 10/21/2010 | Another Summons issued |
| 11/02/2010 | Notice of Service served by mail on the 27th of october, 2010 |

*Connection: Public*

PEDERSEN and WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P. O. Box 2349
Twin Falls, ID 83303-2349
208/734-2552

Attorney for:   Plaintiff

**RECEIVED**

2010 AUG 31 PM 2: 07
DISTRICT COURT
JEFFERSON COUNTY, IDAHO

**SEP 0 7 2010**

**PEDERSEN AND WHITEHEAD**

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF
IDAHO, IN AND FOR THE COUNTY OF JEFFERSON

| | |
|---|---|
| DANIELLE WEEKES, individually, | Case No. CV-2010- 861 |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| OHIO NATIONAL FINANCIAL SERVICES, a foreign entity, and JOHN DOES, individually, does I through X, and JOHN DOE BUSINESS ENTITIES, does I through X, | |
| Defendants. | |

COMES NOW, the Plaintiff, by and through her attorney of record, and complains

and alleges as follows:

1.      At all times material hereto, Plaintiff has resided in the City of Ririe, Jefferson

County, Idaho.

2.      At all times material hereto, Defendant Ohio National Financial Services (hereinafter also referred to as "Ohio National") has been and is a company who was licensed, solicited and sold insurance in the State of Idaho.

3.      The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES I through X, inclusive, are unknown to Plaintiffs at this time. Plaintiff sues those Defendants by such fictitious names and will amend this complaint to show their true names and capacities when they have been ascertained.  Plaintiff is informed and believe, and on the basis of such information and belief alleges, that each of the Defendants designated as a DOE is negligently or otherwise legally responsible for the events and happenings referred to in this Complaint, and negligently or otherwise unlawfully caused the injuries and damages to the Plaintiff alleged in this Complaint.

### FACTUAL CONTEXT

4.      On October 27, 2009, Bart Weekes, husband of the Plaintiff, applied for and received a life insurance policy in the amount of $2,000,000.00 with Ohio National. This policy was purchased with the understanding that in the event of Mr. Weekes' death, the benefit would be paid.

5.      During this time, Mr. Weekes had a previous life insurance policy with Beneficial Life Insurance Company, which he intended to let lapse.

6.      On April 2, 2010, Mr. Weekes died in an avalanche while snowmobiling in Wyoming.

7.      On April 5, 2010, notice was given to Defendant Ohio National regarding Mr. Weekes' death.

8.      At the time of Mr. Weekes' death, the Beneficial Life Insurance Company had not lapsed.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

PEDERSEN and WHITEHEAD
ATTORNEYS AT LAW
161 5TH AVENUE SOUTH, SUITE 301
BOX 2349
TWIN FALLS, ID 83303-2349
PHONE 208/734-2552

9.     Plaintiff Weekes filed a timely Death Claim Notice with Ohio National on April 12, 2010. Plaintiff fulfilled all conditions precedent to the insurance contract.

10.     On July 1, 2010, Ohio National denied paying the life insurance benefits to Plaintiff, claiming that Mr. Weekes' application was incorrect or misrepresented, as he did not replace his Beneficial Life Insurance policy, and that it had remained effective through the date of Mr. Weekes' death.

11.     Defendant Ohio National continues to deny payment of the death claim for Mr. Weekes' family. Such denial to pay policy benefits was totally unjustified.

### COUNT ONE - BREACH OF CONTRACT

12.     Plaintiff realleges the allegations contained in each and every paragraph above.

13.     Defendants' failure to pay policy benefits amounts to breach of contract.

14.     Plaintiff performed all conditions precedent to the contract and Defendants' refusal to pay policy benefits pursuant to the contract was unjustified and amounted to a breach of contract.

15.     Defendants' breach of contract proximately caused Plaintiff to suffer damages.

16.     Plaintiff is entitled to an award of damages as provided by law and by the contract in an amount to be proven at trial.

### COUNT TWO - BAD FAITH

17.     Plaintiff realleges the allegations contained in each and every paragraph above.

18.     Defendants' actions amount to the tort of bad faith because Defendants were totally unjustified in not paying the policy benefits.

PEDERSEN and WHITEHEAD
ATTORNEYS AT LAW
161 5TH AVENUE SOUTH, SUITE 301
BOX 2349
TWIN FALLS, ID 83303-2349
PHONE 208/734-2552

19.    Plaintiff also alleges Defendant Ohio National's underwriting and adjusting practices were designed to deprive Plaintiff of the benefits entitled to her.

20.    Defendants' actions resulted in emotional distress and special damages.

21.    Plaintiff is entitled to an award of damages in an amount to be proven at trial.

### COUNT THREE – FRAUD AND MISREPRESENTATION

22.    Plaintiff realleges the allegations contained in each and every paragraph above.

23.    Because of its underwriting and adjusting practices, it is clear Defendant Ohio National never intended to pay the policy benefits as promised.

24.    Consequently, Defendants' actions amount to fraud and misrepresentation as defined by Idaho law.

25.    Defendants Ohio National verbally and/or through the use of brochures and other materials represented to Mr. Weekes that the $2,000,000.00 of coverage would be paid in the event of his death.

26.    These representations and omissions by the Defendants were false.

27.    Plaintiff justifiably relied on the oral statements and/or literature presented to her and Mr. Weekes by the Defendants to understand that the life insurance benefits would be paid in the event of Mr. Weekes' death.  Had the Weekes been made aware that the insurance offered by Ohio National would not in fact be paid upon Mr. Weekes' death, they would not have purchased it.

28.    As a direct and proximate result of the fraud perpetrated on the Weekes by Defendants, Plaintiff has suffered damages.

29.    Plaintiff is entitled to an award of damages in an amount to be proven at trial.

PEDERSEN and WHITEHEAD
ATTORNEYS AT LAW
161 5TH AVENUE SOUTH, SUITE 301
BOX 2349
TWIN FALLS, ID 83303-2349
PHONE 208/734-2552

## COUNT FOUR - ATTORNEY FEES

30.     Plaintiff realleges the allegations contained in each and every paragraph above.

31.     It has been necessary for Plaintiff to hire the law firm of Pedersen and Whitehead to prosecute this action.

32.     Plaintiff is entitled to reasonable attorney fees pursuant to Idaho Code § 12-121 and pursuant to Idaho Code §41-1839 relating to attorney fees and suits against insurers.

## COUNT FIVE - PUNITIVE DAMAGES

33.     Plaintiff intends to move this Court for permission to seek recovery of punitive damages, pursuant to Idaho Code § 6-1604 and as allowed by Idaho law.

## DAMAGES

34.     As a proximate and/or producing result of Defendants' breach of contract, bad faith and fraud, Plaintiff has suffered substantial damages including special damages, general damages, consequential damages, attorney fees, and the costs incident to prosecuting this action in an amount to be proven at trial.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants for:

1.     Upon all counts against Defendants, jointly and severally, for special and general damages in an amount in excess of the jurisdictional limits of this Court;

2.     For reasonable attorney's fees and costs herein;

3.     For costs of suit incurred herein; and

4.     For such other and further relief as the Court may deem proper.

PEDERSEN and WHITEHEAD
ATTORNEYS AT LAW
161 5TH AVENUE SOUTH, SUITE 301
BOX 2349
TWIN FALLS, ID 83303-2349
PHONE 208/734-2552

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by a jury of at least twelve (12) members on all issues in the above-entitled matter.

DATED this 27th day of August, 2010.

PEDERSEN and WHITEHEAD

By_____
Brian J. Hilverda, ISB #7952
Attorney for Plaintiff

PEDERSEN and WHITEHEAD
ATTORNEYS AT LAW
161 5TH AVENUE SOUTH, SUITE 301
BOX 2349
TWIN FALLS, ID 83303-2349
PHONE 208/734-2552

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

PEDERSEN and WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P. O. Box 2349
Twin Falls, ID 83303-2349
208/734-2552

Attorney for:   Plaintiff


IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF
IDAHO, IN AND FOR THE COUNTY OF JEFFERSON

| | |
|---|---|
| DANIELLE WEEKES, individually, <br><br> Plaintiff, <br><br> vs. <br><br> **OHIO NATIONAL FINANCIAL SERVICES**, a foreign entity, and JOHN DOES, individually, does I through X, and JOHN DOE BUSINESS ENTITIES, does I through X, <br><br> Defendants. | Case No. CV-2010- 861 <br><br> **SUMMONS** |

TO: **OHIO NATIONAL FINANCIAL**, a foreign entity, and JOHN DOES, individually,
DOES I through X, and JOHN DOE BUSINESS ENTITIES, DOES I through X:

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S)**. THE COURT
MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU
RESPOND WITHIN 20 DAYS. **READ THE INFORMATION BELOW**.

YOU ARE HEREBY NOTIFIED that in order to defend this lawsuit, an appropriate
written response must be filed with the above-designated court within 20 days after
service of this Summons on you. If you fail to so respond the court may enter judgment
against you as demanded by the plaintiff(s) in the Complaint.

SUMMONS - 1

A copy of the Complaint is served with this Summons. If you wish to seek the advice of or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1.    The title and number of this case.

2.    If your response is an Answer to the Complaint, it must contain admissions or denials of the separate Allegations of the Complaint and other defenses you may claim.

3.    Your signature, mailing address and telephone number, <u>or</u> the signature, mailing address and telephone number of your attorney.

4.    Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this ___3rd___ day of August, 2010.

CLERK OF THE DISTRICT COURT

By_____

Deputy Clerk



PEDERSEN and WHITEHEAD
ATTORNEYS AT LAW
161 5TH AVENUE SOUTH, SUITE 301
BOX 1349
TWIN FALLS, ID 83303-1349
PHONE 208/734-2552

**SUMMONS - 2**

PEDERSEN and WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P. O. Box 2349
Twin Falls, ID 83303-2349
208/734-2552

Attorney for:   Plaintiff



**RECEIVED**

OCT 13 2010

PEDERSEN AND WHITEHEAD

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF JEFFERSON

| | |
|---|---|
| DANIELLE WEEKES, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>OHIO NATIONAL LIFE ASSURANCE CORPORATION, a foreign entity, and JOHN DOES, individually, does I through X, and JOHN DOE BUSINESS ENTITIES, does I through X,<br><br>        Defendants. | Case No. **CV-2010-861**<br><br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff, by and through her attorney of record, and complains and alleges as follows:

1.     At all times material hereto, Plaintiff has resided in the City of Ririe, Jefferson County, Idaho.

2.     At all times material hereto, Defendant Ohio National Life Assurance Corporation (hereinafter also referred to as "Ohio National") has been and is a company

who was licensed, solicited, and sold insurance in the State of Idaho.

3.      At all times material hereto, Defendant Ohio National Life Assurance Corporation has been and is an agent and wholly-owned subsidiary of The Ohio National Life Insurance Company.

4.      At all times material hereto, The Ohio National Life Insurance Company has been and is an agent and wholly-owned subsidiary of Ohio National Financial Services.

5.      The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES I through X, inclusive, are unknown to Plaintiffs at this time. Plaintiff sues those Defendants by such fictitious names and will amend this complaint to show their true names and capacities when they have been ascertained.  Plaintiff is informed and believe, and on the basis of such information and belief alleges, that each of the Defendants designated as a DOE is negligently or otherwise legally responsible for the events and happenings referred to in this Complaint, and negligently or otherwise unlawfully caused the injuries and damages to the Plaintiff alleged in this Complaint.

## FACTUAL CONTEXT

6.      On October 27, 2009, Bart Weekes, husband of the Plaintiff, applied for and received a life insurance policy in the amount of $2,000,000.00 with Ohio National.  This policy was purchased with the understanding that in the event of Mr. Weekes' death, the benefit would be paid.

7.      During this time, Mr. Weekes had a previous life insurance policy with Beneficial Life Insurance Company, which he intended to let lapse.

8.      On April 2, 2010, Mr. Weekes died in an avalanche while snowmobiling in Wyoming.

9.      On April 5, 2010, notice was given to Defendant Ohio National regarding Mr.

PEDERSEN and WHITEHEAD
ATTORNEYS AT LAW
161 5TH AVENUE SOUTH, SUITE 301
BOX 2349
TWIN FALLS, ID 83303-2349
PHONE 208/734-2552

Weekes' death.

10.    At the time of Mr. Weekes' death, the Beneficial Life Insurance Company policy had not lapsed.

11.    Plaintiff Weekes filed a timely Death Claim Notice with Ohio National on April 12, 2010.  Plaintiff fulfilled all conditions precedent to the insurance contract.

12.    On July 1, 2010, Ohio National denied paying the life insurance benefits to Plaintiff, claiming that Mr. Weekes' application was incorrect or misrepresented, as he did not replace his Beneficial Life Insurance policy, and that it had remained effective through the date of Mr. Weekes' death.

13.    Defendant Ohio National continues to deny payment of the death claim for Mr. Weekes' family.  Such denial to pay policy benefits was totally unjustified.

## COUNT ONE - BREACH OF CONTRACT

14.    Plaintiff realleges the allegations contained in each and every paragraph above.

15.    Defendants' failure to pay policy benefits amounts to breach of contract.

16.    Plaintiff performed all conditions precedent to the contract and Defendants' refusal to pay policy benefits pursuant to the contract was unjustified and amounted to a breach of contract.

17.    Defendants' breach of contract proximately caused Plaintiff to suffer damages.

18.    Plaintiff is entitled to an award of damages as provided by law and by the contract in an amount to be proven at trial.

## COUNT TWO - BAD FAITH

19.    Plaintiff realleges the allegations contained in each and every paragraph

PEDERSEN and WHITEHEAD
ATTORNEYS AT LAW
161 5TH AVENUE SOUTH, SUITE 301
BOX 2349
TWIN FALLS, ID 83303-2349
PHONE 208/734-2552

above.

20.     Defendants' actions amount to the tort of bad faith because Defendants were totally unjustified in not paying the policy benefits.

21.     Plaintiff also alleges Defendant Ohio National's underwriting and adjusting practices were designed to deprive Plaintiff of the benefits entitled to her.

22.     Defendants' actions resulted in emotional distress and special damages.

23.     Plaintiff is entitled to an award of damages in an amount to be proven at trial.

### COUNT THREE – FRAUD AND MISREPRESENTATION

24.     Plaintiff realleges the allegations contained in each and every paragraph above.

25.     Because of its underwriting and adjusting practices, it is clear Defendant Ohio National never intended to pay the policy benefits as promised.

26.     Consequently, Defendants' actions amount to fraud and misrepresentation as defined by Idaho law.

27.     Defendants Ohio National verbally and/or through the use of brochures and other materials represented to Mr. Weekes that the $2,000,000.00 of coverage would be paid in the event of his death.

28.     These representations and omissions by the Defendants were false.

29.     Plaintiff justifiably relied on the oral statements and/or literature presented to her and Mr. Weekes by the Defendants to understand that the life insurance benefits would be paid in the event of Mr. Weekes' death. Had the Weekes been made aware that the insurance offered by Ohio National would not in fact be paid upon Mr. Weekes' death, they would not have purchased it.

30.     As a direct and proximate result of the fraud perpetrated on the Weekes by

PEDERSEN and WHITEHEAD
ATTORNEYS AT LAW
161 5TH AVENUE SOUTH, SUITE 301
BOX 2349
TWIN FALLS, ID 83301-2349
PHONE 208/734 2552

Defendants, Plaintiff has suffered damages.

31.     Plaintiff is entitled to an award of damages in an amount to be proven at trial.

### COUNT FOUR - ATTORNEY FEES

32.     Plaintiff realleges the allegations contained in each and every paragraph above.

33.     It has been necessary for Plaintiff to hire the law firm of Pedersen and Whitehead to prosecute this action.

34.     Plaintiff is entitled to reasonable attorney fees pursuant to Idaho Code § 12-121 and pursuant to Idaho Code §41-1839 relating to attorney fees and suits against insurers.

### COUNT FIVE - PUNITIVE DAMAGES

35.     Plaintiff intends to move this Court for permission to seek recovery of punitive damages, pursuant to Idaho Code § 6-1604 and as allowed by Idaho law.

### DAMAGES

36.     As a proximate and/or producing result of Defendants' breach of contract, bad faith and fraud, Plaintiff has suffered substantial damages including special damages, general damages, consequential damages, attorney fees, and the costs incident to prosecuting this action in an amount to be proven at trial.

### PRAYER

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants for:

1.     Upon all counts against Defendants, jointly and severally, for special and general damages in an amount in excess of the jurisdictional limits of this Court;

2.     For reasonable attorney's fees and costs herein;

3.     For costs of suit incurred herein; and

PEDERSEN and WHITEHEAD
ATTORNEYS AT LAW
161 5TH AVENUE SOUTH, SUITE 301
BOX 2349
TWIN FALLS, ID 83303-2349
PHONE 208/734-2552

4.      For such other and further relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by a jury of at least twelve (12) members on all issues in the above-entitled matter.

DATED this 8th day of October, 2010.

PEDERSEN and WHITEHEAD

By _____

Brian J. Hilverda, ISB #7952
Attorney for Plaintiff

PEDERSEN and WHITEHEAD
ATTORNEYS AT LAW
167 5TH AVENUE SOUTH, SUITE 301
BOX 2349
TWIN FALLS, ID 83303-2349
PHONE 208/734-2552

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 6

PEDERSEN and WHITEHEAD
Attorneys at Law
161 5th Avenue South, Suite 301
P. O. Box 2349
Twin Falls, ID 83303-2349
208/734-2552

Attorney for:     Plaintiff

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF JEFFERSON

| | |
|---|---|
| DANIELLE **WEEKES**, an individual,<br><br>                 Plaintiff,<br><br>vs.<br><br>**OHIO NATIONAL LIFE ASSURANCE CORPORATION**, a foreign entity, and JOHN DOES, individually, DOES I through X, and JOHN DOE BUSINESS ENTITIES, DOES I through X,<br><br>                 Defendants. | Case No. **CV-2010-861**<br><br><br>**ANOTHER SUMMONS** |

TO:    **OHIO NATIONAL LIFE ASSURANCE CORPORATION**, a foreign entity, and JOHN DOES, individually, DOES I through X, and JOHN DOE BUSINESS ENTITIES, DOES I through X:

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S)**. THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS. **READ THE INFORMATION BELOW**.

      YOU ARE HEREBY NOTIFIED that in order to defend this lawsuit, an appropriate written response must be filed with the above-designated court within 20 days after service of this Summons on you.  If you fail to so respond the court may enter judgment

ANOTHER SUMMONS - 1

against you as demanded by the plaintiff(s) in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice of or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1. The title and number of this case.

2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate Allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4. Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this 21st day of October, 2010.

CLERK OF THE DISTRICT COURT

By _____

Deputy Clerk

PEDERSEN and WHITEHEAD
ATTORNEYS AT LAW
161 5TH AVENUE SOUTH, SUITE 301
BOX 2349
TWIN FALLS, ID 83303-2349
PHONE 208/734-1552

ANOTHER SUMMONS - 2

State of Idaho
# DEPARTMENT OF INSURANCE

**C.L. "BUTCH" OTTER**
Governor

700 West State Street, 3rd Floor
P.O. Box 83720
Boise, Idaho 83720-0043
Phone (208) 334-4250   Fax (208) 334-4298
http://www.doi.idaho.gov

**WILLIAM W. DEAL**
Director

**To:**   OHIO NATIONAL LIFE ASSURANCE CORPORATION
ATTN: MIKE HAVERKAMP
P.O. BOX 237
CINCINNATI OH 45201

**CC:**   Plaintiff's counsel (w/o Enclosures) via First Class Mail

**From:**   Idaho Department of Insurance

**Date:**   10/28/2010

**Re:**   NOTICE OF ANOTHER SUMMONS, AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL, AND PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO DEFENDANT OF THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF JEFFERSON CASE NO. CV 2010-861.

## WEEKES v OHIO NATIONAL LIFE ASSURANCE CORPORATION

YOU WILL PLEASE TAKE NOTICE that a due and regular service of a ANOTHER SUMMONS, AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL, AND PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO DEFENDANT, in connection with the above-entitled action, was made upon you by US MAIL on the TWENTY SEVENTH day of OCTOBER, 2010, by delivering in Boise, Idaho, on the said date to the Director of the Department of Insurance, State of Idaho, who is the duly and regularly appointed Statutory Agent. A copy of each instrument is enclosed herewith to you as provided by law.

IN WITNESS WHEREOF, I have hereunto set my hand and the official seal of this office at Boise, Idaho, this TWENTY EIGHTH day of OCTOBER, 2010.

William W. Deal
DIRECTOR
Department of Insurance
State of Idaho

Cert No.7007 3020 0001 3743 3594